UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARIZONA HALL, | ) |
|     Petitioner, | ) ) ) |
| vs. | ) )   Case No. 4:13-CV-556-SNLJ |
| LENARD EDWARDS, et al., | ) ) ) |
|     Respondents. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon review of petitioner's "Amended Petition for Writ of Habeas Corpus in Conjunction with Civil Rights Complaint" [Doc. #4]. For the reasons stated below, the Court will dismiss, without prejudice, plaintiff's 42 U.S.C. § 1983 claims against State of Missouri, Rachel Schawzlose, Dennis Schaumann, and Philip Heagney.  In addition, the Court will instruct petitioner to file a second amended habeas corpus petition on a court-provided 28 U.S.C. § 2241form as to respondent Lenard Edwards.

**Background**

On March 22, 2013, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. #1] against Lenard Edwards, as well as a motion for leave to proceed in forma pauperis [Doc. #2].  On April 1, 2013, petitioner filed an "Amended Petition for Writ of habeas Corpus in Conjunction with Civil Rights

Complaint" [Doc. #4], naming as defendants the State of Missouri, Rachel Schawzlose, Dennis Schaumann, and Philip Heagney.

## Discussion

At the outset, the Court notes that a prisoner may not bring claims in a single action pursuant to both habeas corpus and § 1983. These are separate causes of action, and a separate lawsuit must be filed for each action.[1] In this regard, the Court notes that a § 1983 action requires a $350 filing fee, whereas a § 2254 and/or § 2241 habeas action requires only a $5 filing fee. A prisoner may not attempt to avoid paying the $350 filing fee by joining his civil rights complaint in a habeas corpus action.[2] For these reasons, the Court will dismiss, without prejudice, plaintiff's § 1983 claims against defendants State of Missouri, Rachel Schawzlose, Dennis Schaumann, and Philip Heagney. If plaintiff wishes to bring a § 1983 action against these parties, he must file a separate § 1983 lawsuit against them, in compliance with the Federal Rules of Civil Procedure.

---

[1]A habeas corpus petition is the appropriate means to challenge the "actual fact or duration" of one's confinement, *see Heck v. Humphrey*, 512 U.S. 477, 481 (1994), whereas a civil rights action is the proper means to challenge the "conditions" of one's confinement. *See Viens v. Daniels*, 871 F.2d 1328, 1333 (7th Cir. 1989).

[2]Moreover, in litigation involving prisoners, "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Furthermore, because petitioner's amended habeas petition was not filed on a Court form, it is not in compliance with this Court's Local Rule 2.06(A). As such the Court will order petitioner to file a second amend habeas petition, on a court-provided form for filing a "Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus," consistent with this Memorandum and Order.[3] Petitioner is advised that the second amended habeas petition will supercede his original petition for writ of habeas corpus and any amendments thereto, and will be the only petition this Court considers.

Therefore,

**IT IS HEREBY ORDERED** that the Clerk of Court shall forward to petitioner the court-provided form for filing a "Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus."

**IT IS FURTHER ORDERED** that petitioner shall complete this form in its entirety and return it to the Court within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that if petitioner fails to complete and return this form within thirty days, the Court will dismiss this action without prejudice and without further notice to him.

---

[3]Petitioner states in his original § 2254 petition that he is a pretrial detainee, having not yet been convicted. Thus, because petitioner is not in custody pursuant to a state court judgment, the only vehicle for challenging his present confinement is 28 U.S.C. § 2241. *Cf. Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001)(person in custody pursuant to state court judgment can only obtain habeas relief through § 2254). Accordingly, the Court will instruct the Clerk of Court to send petitioner a court form for filing a § 2241 habeas petition.

3

**IT IS FURTHER ORDERED** that a separate Order of Partial Dismissal shall accompany this Memorandum and Order

Dated this <u>9th</u> day of April, 2013.

_____
**UNITED STATES DISTRICT JUDGE**